Your Honor, the second case on the docket this morning is 2-21-0583. The people of the state of Illinois plaintiff appellee v. Michael Q. Spears, defendant-appellant. Arguing on behalf of the appellant, Ms. Elena B. Panik. Arguing for the appellee, Mr. Richard S. London. Thank you. Ms. Panik, you may proceed. Thank you. Good morning, Your Honors. As he mentioned, my name is Elena Panik. I'm appearing on behalf of defendant-appellant Michael Spears. I'd like to focus on Spears' sentence for possession with intent to deliver, both in terms of the abuse of discretion discussed in Issue 2, and whether Class X sentencing was proper, and then briefly touch on the court's handling of his implicit claim of ineffective assistance in the entry of his guilty plea. Before we get into sentencing, it should be acknowledged the factual basis for Spears' guilty plea is unpleasant. Perhaps most alarmingly, he was said to have placed the barrel of a handgun in the mouth of his girlfriend and threatened to kill her. When police responded to the home, they saw the girlfriend had bruising and swelling, and they recovered that handgun, a scale and baggies, and 6.9 grams of cocaine. Spears entered blind pleas to three felonies, in addition to three misdemeanors, and essentially threw himself at the mercy of the court. He apologized for the pain he caused his then-girlfriend and her family. He confessed to a lifelong struggle with substance abuse. And as well, he spoke movingly of his recent involvement with the Reformers' Unanimous Program in Winnebago County Jail, which had not only begun to turn his life around, but had also, through his role as class secretary, led to his engaging with and encouraging other new students down a similar path. The court gave Spears 10 years, the maximum extended sentence for aggravated battery based on insulting and provoking contact with the gun. Fair enough. As I mentioned, the facts alleged in support of that offense were pretty grim. The court gave Spears 14 years, the maximum special class 2 sentence for unlawfully possessing the handgun. Harsh, but again, arguably fair, since the gun was the instrument of the battery. But the 6.9 grams of cocaine resulted in a whopping 25-year sentence. And you have to ask yourself why. We've theorized, based on comments at sentencing, that the court believed 10 years was not enough for the battery in this case. And essentially compensated for its inability to go any higher on that offense by imposing a near maximum class X sentence on a wholly unremarkable drug charge, frankly. But as even the state argued in its brief, the seriousness of the offense is the most important factor in sentencing. And so, however upset the court was about the battery, the cocaine offense was, in this case, not that serious. And so even assuming class X sentencing was proper on the basis of recidivism, which, again, we're disputing for reasons I'll get into, 25 years for that amount of cocaine is simply beyond the pale and warrants reduction. Ms. Panik, can you address sort of the overarching question, and that is whether or not the amended version of the statute should have applied to this case? The state obviously argues it did not, and it was not intended to be retroactive. So on what basis, then, does it apply? Of course, Your Honor. So, as you mentioned, if Spears were sentenced for the same offense today, the maximum he could get, even with his priors, would be 15 years. And, of course, in People v. Hunter, the Illinois Supreme Court said a defendant can't get the benefit of a more favorable sentencing provision that takes effect after he's already been sentenced. However, the context in Hunter is really very different than the one at Barr. Defendants Hunter and Wilson were both convicted after trials, and, in fact, their cases were already pending in the appellate court when the new law took effect. In this case, Spears pleaded guilty, and the period for filing 604-D motions was effectively lengthened by counsel's error in failing to certify that he fulfilled his duties under that rule. So when this court vacated the ruling on Spears' motion to reconsider sentence back in 2020 and remanded for a new opportunity to file post-plea motions, it put the case right back where it was immediately after sentencing. So then, to put it another way, specifically, the issue is, was the case still pending before the trial court when the amended statute took effect? Obviously, you're saying that it was because of the remand. Absolutely. Absolutely. And so the question, given that it's pending, we have to look to Section 4 of the Statute on Statutes to guide the determination of whether it can be applied in this particular case. And so Section 4 provides that new and mitigating sentencing laws may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect. And it's our position that the sentencing judgment was preliminarily announced in June 2019, but was not appealable under Rule 604-D and 606-B unless and until the court ruled on a timely motion to reconsider sentence. Because the appellate court had already vacated the previous ruling, it was in that same posture here where the court, the case was still pending in the circuit court and the sentence had not yet been pronounced final. And so Section 4 should be construed as permitting spheres to elect sentencing under the new and mitigating law. In addition to the language. Ms. Panik, we as a court often debate whether a case should be reversed or vacated in situations like this. And in this case, though, we vacated. What does that technically mean of the sentence at issue? Well, my understanding is you vacated the ruling on the motion to reconsider sentence. And so it's as if that ruling never happened and we're at the point where a sentence has been ordered, but we're still within the period for filing 604-D motions. The trial court still has jurisdiction to modify the sentence. So it it's not that. Well, it's like it came back from from the grave, if you want to use phrases that we gave it new life, not knowing that something of this nature was going to happen. Correct. In terms of the statutory authority. OK. Yeah. I mean, you know, whether we talk about reviving the dead or the ball is back in play, you know, pick your metaphor. But essentially we've we've moved back to an earlier period in time. And there's sort of a fiction that there never has been a ruling on the motion to reconsider. It's a it's a new day on post post sentencing motions. So in addition to the language specifically directed at mitigating provisions, Section four provides guidance regarding procedural amendments we would which we'd argue is also relevant in this case. And so Section four states that proceedings following the enactment of a new law shall conform so far as practicable to the laws in force at the time of such proceeding. So although the Illinois Supreme Court and Hunter declined to decide whether a mitigating law could be considered procedural, both Hunter and Howard suggest that the procedural language in Section four is really the default rule of retroactivity in Illinois. And relying on that language, those cases indicate that new laws will be applied to proceedings that have begun under an old statute, but have not yet concluded in the circuit court. And in particular, this court's decision in People vs. Cayetos illustrates the idea that applying new laws to ongoing proceedings sometimes means redoing something that's already happened. So in that case, a procedural amendment to Rule 604D, excuse me, the Rule 604D certificate requirement took effect after defense counsel filed his certificate, but before the court ruled on the defendant's motion to withdraw his plea. And this court found it was practicable in that situation to require the certificate to conform to the amended law in force at the time of the ruling, even though proceedings had already begun under the old rule, and even though a certificate under the old rule had already been filed. So likewise here, where 604D proceedings in the circuit court were still ongoing, there was no legal or practical impediment to the trial court's reformulating Spear's sentence to comport with the revised law that took effect before it had occasion to rule on the amended motion to reconsider. Is there any consideration given to whether or not there's any indication of a legislative intent to make it retroactive or not retroactive? The state seems to be arguing that he was not entitled to a re-sentence based on the change in the statute, absent an intent to be retroactive. So does that even enter into it at all? No, Your Honor. Under the current analysis, if there's no express statement of temporal reach in the statute, which I think there's no dispute in this case there isn't, then section four of the statute on statutes is what governs. And so then you end up with this distinction between substantive versus procedural versus mitigating. And it's our position in this case that it's absolutely mitigating. And as well, once we're in the realm of mitigating sentencing provisions, the procedural language about practicable application is really what should inform this court's decision about how broadly to interpret the application about applying it to judgments that haven't happened yet. So, you know, in People v. Gray, which we cited in our brief and admittedly is unpublished, the first district employed similar reasoning in remanding for re-sentencing where in a case where the law had changed after sentencing, but at a time when post plea motions could still be filed. And they used that procedural language as well in section four to guide its analysis, in addition to, you know, the impetus to avoid absurd results. Because here we have a situation where if the court were to grant the motion to reconsider sentence for any reason, it would then be sentencing him anew. And I think there's no question at that point, he would have the right to elect sentencing under the new provision. So whether this court finds that the trial court abused its discretion in imposing a sentence on the high end of the class X range or finds under de novo review that the 2021 amendment to the recidivism provision should have been applied to Spears case, his 25 year sentence for the cocaine should be vacated and reduced to not more than 15 years or the matter should be remanded for re-sentencing in the regular class one range. If there are no further questions, I'll touch on the quasi-crankle issue a little bit. So in the event this court does not grant sentencing relief, we're alternatively asking for a remand to give Spears the opportunity to develop his claim of ineffective assistance in the entry of his guilty plea. So to be clear, we're talking about an issue that was raised after this court remanded for 604D compliance. When on May 18, 2021, the same day that attorney Jaswik filed a new motion to reconsider sentence, Spears piped up and said to the court, hey, by the way, my attorney said I was going to get eight to 10 years. And if I had known otherwise, I would not have pleaded guilty. The court in its response acknowledged that might be an issue requiring the filing of a motion to vacate his plea. And at that point, the matter was continued to give Spears a chance to discuss his concerns with the very same attorney who allegedly misadvised him regarding the consequences of his plea. And nothing more came of his claim after that. So whether you view this through the lens of Krenkel doctrine, according to which pro se allegations of ineffective assistance require a preliminary inquiry to determine whether it's necessary to appoint conflict counsel, or you view it through the lens of older cases interpreting rule 604D on its face to require conflict free counsel for post plea allegations of ineffective assistance, ignoring the claim entirely and leaving the defendant to consult with the same attorney whose ineffectiveness he's implicitly raised was really not an option available to the court. And yet, that's what happened. But Miss Panik, let me just ask you a question about that. Our defendant here, Mr. Spears, maybe was between a rock and a hard place, but he kept changing his mind. And he was given an opportunity by the trial court to again consider it before this proceedings was over. How many times does he have to change his mind before court has an obligation to do something? Well, I don't think it's very compelling that he changed his mind because here he's never once had the opportunity to consult with an attorney regarding his claim about attorney Jaswik. All he's had is, you know, he's left to his own thoughts, or he can talk to the person who has a conflict of interest. So the fact that he's back and forth or unsure about how to proceed doesn't obviate the need for counsel under Rule 604D. And what this court said in People v. Owens and relying specifically on the Illinois Supreme Court decision in Edwards is so long as the defendant manifests an interest in appealing his judgment and sentence, which even just Judge White seemed to recognize Spears did, then the right to counsel under the rule attaches. And so then the question becomes, who can fulfill that role as counsel? Can it be the same attorney? I think there's no dispute that the answer is no. And if you're considering, well, is there some preliminary threshold of, you know, non-frivolousness that needs to be applied before we'll give him conflict-free counsel, Edwards is actually pretty clear that that's not the right kind of analysis for the 604D sphere. You know, the court in Edwards said there is no provision for dismissing a pro se motion to withdraw a guilty plea as frivolous. Counsel, your time is up. Would you please close? Certainly, Your Honor. So we're asking first and foremost for sentencing relief under the first two issues. And barring that, would respectfully request a remand for the opportunity to consult with a new attorney regarding his post-plea allegations of ineffective assistance. Any other questions? I have none. Thank you. No, thank you. I have maybe one, and that is, if I understand your argument about the Crankle issue, that he hasn't abandoned his argument until such time as he is either on the record said, I am no longer going to preserve my right to contact a lawyer and to consult with that lawyer regarding the possible ineffectiveness of counsel. So you essentially have given him no statute of limitations or deadline so long as he doesn't talk to or seek out an attorney. He has preserved the right to claim that it should be remanded back a second time. I'm not sure what you mean about extending the deadline here. I mean, I think what I'll explain. One of the premises in your syllogism was that he hadn't abandoned the claim, as I believe Justice Hutchinson was implying, because he hadn't gone and sought out an attorney to discuss whether or not he wished to make the argument about ineffectiveness of counsel. And so you're basically giving him the keys to the jail, so to speak, by determining that until he decides and sets it up record that he will or he won't go and talk to a lawyer, then he has supposedly not abandoned his right to have due process. Your Honor, I would disagree with your characterization there. The primary reason being the trial court failed in this instance to respond appropriately at the moment that he raised that claim of ineffective assistance. And so when we talk about look at those dragging on and on and going back and forth, that's because the trial court made a mistake. And so had the trial court in that moment done what it was supposed to do and inquire as to whether he wanted new counsel to assist him on that claim, then he would be subject to the same timelines he normally would for filing any motion to withdraw his plea on that basis. Now, in this particular instance, it was coming back on remand. So the usual 30 day period gets a little fuzzier. But regardless, I don't think that the gamesmanship that you're implying is really the primary concern here. I think we have to look at the trial court's failure to take appropriate action. And so we would ask for a remand for that purpose, provided resentencing or reduction in sentence is not ordered. Thank you. Thank you. You'll have an opportunity to make rebuttal. Thank you. Mr. London, you may proceed. Morning, Your Honor's counsel may please the court Richard London behalf of the people of the state of Illinois. Your Honor's there's no dispute in this case that at the time of the plea at the time of sentencing, the judge was required to sentence defendant as a class x offender. The only question is whether remand makes a case as defendant is argued non final as to allow defendant to be elected to elect to be sentenced under a substantive not a procedural change. In this case, the general recidivism statute. Defendant concedes that he's not been able to find a single case directly on point, although cites to the non published case of people versus gray. I will briefly refer to that as well as Caleros and distinguish both. I did distinguish gray in the brief clarity was raised in reply so I'll distinguish that today. Also, ask a question, please. Of course. If there had been a PLA filed from affirmance by the appellate court, and the Supreme Court had taken the case with the case have been final, or not, at the time that the PLA was granted. No. Would the case. Yeah, I mean the conviction, it would be final. I mean, the fact that this court could vacate the conviction and sentence could remand for new hearing, or that the same could be done in a PLA, yeah, it is final. Under purposes of the the statute and statutes of when a substantive change can or cannot take place. The question is, can, can a remand can appeal a arguably can a PC, you know, years later, because a trial court, then has unquestionably jurisdiction in a PC jurisdiction on remand. Does that impact the finality of the decision the answer is no. So what happens if assert to the US Supreme Court was granted. Would the US Supreme Court view the case under the principles of race judicata, or not. I think the court would would determine that there is finality in the decision. Again, I'm not sure under under exactly, if it would be considered rest you to kind of considered race judicata in so far as the perspective for the analysis by the Illinois Supreme Court on a PLA would that be ratio to Kata, because if it isn't race judicata, and it's to the extent that it is. In a typical review. Then it's the same case, otherwise race judicata would apply. Well, of course it's the same case but again that's the difference between whether or not a subsequent court can vacate and change this. There's no dispute we agree with defendant that if this court, or the Illinois Supreme Court of the US Supreme Court were to vacate the conviction, or the sentence and remand for a new hearing that at that point in time the defendant can elect, but but whether we continue to have a non final decision under our statute and statutes, simply because additional courts have determined that for whatever reason they they want to hear it. So if, if this court, or the Illinois Supreme Court, or the US Supreme Court took the case to affirm the the concept of when a case is final. And when, whether or not the consideration of a case allows the defendant to to elect a substantive change that doesn't reinvigorate or change the finality of the decision. Mr London let me ask you a question until the trial court issued its denial of the defendants amended motion to reconsider sentence. Following the remand. The case in fact was ongoing and pending in the trial court, not a PLA not a petition for cert. It was pending in the trial court is that correct. Um, it was, it was pending in the trial court, does that impact the finality, we would say no. Obviously people versus gray found otherwise, and suggested that there was a very limited circumstance, but but Hunter would suggest the opposite. I mean in Hunter, the case, it was similar, it came up on appeal was remanded. And the court found that that remand was not sufficient to to reinvigorate the decision itself. So I think that those are two separate issues. Is it still. What is the distinction between a direct appeal. And a post conviction petition or a to 1401 petition. It are the collateral proceedings, attacking a final judgment. Are they attacking a final judgment. Yes. Well, does it does it give. Does it change the finality absent decision to to vacate that decision. You're looking through the wrong end of the telescope point is, is that if those are post conviction, and they are collateral proceedings. And if the appeal time has run and exhausted, or the judgment in the appellate court had been entered. And the appeal time to file a PLA PLA to the Illinois Supreme Court had been filed, but wasn't. Then the judgment and in the case would no longer be on direct appeal and it would be final and a post conviction petition would be most appropriate or to 1401, because they're collateral. So, the distinction between collateral proceedings and a direct proceeding is one relates to a non final judgment. It's final for purposes of appeal but it's not final for purposes of a direct appeal, and it's not final here in this court until it's the appeal if any is exhausted in the Supreme Court. And that's the reason why when it's remanded back. It's not a new proceeding, it is not given a new case number. It is given the old case number or it keeps the old case numbers. So, I am essentially telling you I don't agree with your argument, because the judgment may be final for purposes of appeal, but I use a term to clarify the differences between the ambiguity which we are referencing, and that is a judgment that's been exhausted. After a final judgment was entered by the trial court. Hunter seems to disagree, Your Honor, I mean that's that's the only position that we can take is that, you know, in Hunter, that that was the exact same circumstance that you're describing in Hunter was up an appeal it under your, your. You kind of said that you disagree with our position so I can't even say under your hypothetical, but but but I will reference it as a hypothetical under hypothetical, it would arguably not be final because it would still be the same pending proceeding yet Hunter indeed said that a substantive change cannot be is not to be considered. That is is different from both gray, which said it had not yet gone up and appeal and Clara's. When you said a substitute, are you referring to sentencing. I'm sorry. What do you mean when you said substantive and 100. A substantive change in in in Hunter as in this case where the change the statute was substantive. So you're talking about a substantive change in a sentencing law, correct, correct, correct. Okay, Mr London, the here, here's my problem and I asked Miss panic about this. But I didn't ask maybe what the whole question. In order to appeal a case, he would have had defendant here would have had to file a motion to withdraw his what plea or emotion to reconsider a sentence. He, in order to appeal. He filed that motion to reconsider his sentence, and it was denied, because the trial judge denied it. And then it came on appeal on appeal. We vacated that denial, because we did not find an adequate 604 D. We send it back with specific instructions. That, therefore, although it was on appeal. The issue that brought it on to appeal was vacated, as if that motion had never been resolved. So why, why would this case not be remaining alive, as it were, or remaining pending by that order. Again, we draw a distinction which apparently this court may not agree with in between whether a case is pending, whether the trial court has jurisdiction to hear emotion reconsider or, and whether that reinvigorates a defendant's right to elect. And we believe that the case law, and that the statute and statute suggests that once a judgment is final, a final being the case law that says that once a original sentences reached that that cuts off the timing of a defendant in order to be able to make an disagreed. I suggested that we would distinguish Clara's as well, and suggest that Clara's is not a statute. And more importantly, it was a Supreme Court rule which is different than a statute, but also more importantly, it was this court found in Clara's, that was a procedural not a substantive change. Let's hypothetically say even it didn't come up an appeal defendant filed a motion to reconsider and and for whatever reason, maybe defendant heard that there was a discussion of a change in the statute. So defendant delays, the motion to reconsider or files a series of, you know, consider their denial of the motion reconsider how long can that be reinvigorated, or can that stand, giving defendant, an opportunity to elect to make that change, or that whether it's a remand, or whether it's still a motion to reconsider the case was final in June of 2021, not the end of October November of 21 when the trial court denied the motion to reconsider our civil and criminal cases distinguishable in this regard. I don't believe so. I mean, other than the fact that in the, I guess the distinguishing factor is here, we have a long standing and well settled case law that when a sentence is rendered that is final. So I guess to that extent, yeah, to some extent, there's a trilogy I believe of cases they're called stack versus Bates. And they stand for the proposition that a case is not final for purposes of determining the effective date of a statute, to the extent that in stack versus Bates. The issue was whether or not a divorce law that came into effect during an appeal. But after the judgment was entered by the trial court was an effective amendment, and it should plot apply. And I believe you'll find citations relative to stack versus Bates that stands for the proposition that when the appellate court determines what the law is it determines what the law is at the time of the entry of its disposition. And there may be implications where, like a sentence in a criminal case, there are implications relating to a liberty interest. But the concept that an appellate court is supposed to apply this law that's in effect at the time wouldn't necessarily apply to criminal cases because the man would have a liberty interest that supposedly, if it were to increase the penalty, it would have a substantive effect and would not be retroactive. So, you're, you're merging or melding two different principles, and the idea that liberty interest prevent the court from exercising its judgment in a particular way doesn't mean it can't exercise jurisdiction in any way. Oh, if you want to comment on that fine you don't have to if you don't want to, I will say that I'm not familiar with stack the Bates, I certainly did not consider it today. I would be happy if this court, you know, would would be interested in researching that and filing a supplemental, you know, brief on that. But, but other than that, I can't comment at this time because I'm just not familiar so you know, I don't want to demonstrate my ignorance. My only point is the principles are the same as to discussing when finality arises. It wouldn't necessarily be worthwhile to have you research stack versus space, and its successor cases, because those are civil cases and they don't implicate, to my knowledge liberty interests. Obviously any analysis I would do would would be to discuss that more specifically but now I am not prepared to, to, you know, juxtapose those two at this time. Yes, I actually do but I'll let justice Hudson ass first. Thank you. In an effort to try and clarify your position that once the case goes up on appeal and it seems to be some kind of a final judgment so take a case in which the defendant enters a plea case goes up on appeal and the appellate court decides that the whole proceedings void is defective case goes back down to the trial court. In your case, are you saying that the case is no longer pending the application of a change in the law could never take place because the case had once gone up on appeal, even though was void. No, you're not. No, that is not my position my position is that unless if this court, or if the trial judge were to say, you know what, defendant you're correct. I misconstrued the statute. I agree that I did not exercise my discretion appropriately. I'm giving you a new sentencing hearing, of course, at that point in time the defendant can, you know, exercise the to elect under the new statute. Same way if this under, you know, the suggestion you just made. If this court were to say we're vacating the entire proceeding, we're, we're not just allowing defendant we're saying that that the, the guilty plea was flawed, and, and we are reminding it back not to the time of the motion reconsider sentence, but we're remanding it to the time of the guilty plea hearing, of course they can elect at that point in time, but so no we're not saying simply because it's come up on appeal. We're saying the sentence, the conviction was final at the time the sentence was rendered. And until and unless either this court, or the trial judge, or again, whether it be the Supreme Court or the US Supreme Court were to vacate and remand for a new sentencing hearing defendant cannot elect to get the benefit of that substantive change. I do have a couple quick questions I hope they're quick. First of all, if, if when we initially remanded. It was to vacate the sentence. What was, what if this court were to vacate the sentence, and then a new sentencing hearing was held the people completely agree that at that point in time defendant can elect because it's a completely to new hearing. So, so the the court is not just reinvent reinvested with jurisdiction to hear a motion reconsider the court is, you know, been ordered basically to have a new sentencing hearing. So yes, if that was the circumstance. Indeed, the defendant could elect the more beneficial sentencing statute. Okay, let me. All right, I get it. I asked the wrong question I guess. What if we had granted the motion to reconsider and remanded it to the trial court, would that bring it to life reinvigorated as your term is, again, I would say yes because this court has been said it's a new If this court indeed said, Judge reconsider. Yes, that's a new sentencing hearing and at that point in time, defendant would have had an opportunity to to elect to be sentenced under, and obviously elect, of course he would, you know, I mean, defendant would have had the benefit of being sentenced under the, the new statute. Okay. And lastly, and I find myself asking a justice McLaren question and I hope I'm not taking it away from him. As I do so, but this case. Seems to be broadcasting out some issue of fundamental fairness, and possibly the rule of lenity. How does that apply here. Again, at wouldn't that still be the case at any point in time. Wouldn't it be the case if, as I is under our scenario. If defendant files a PC and and part of the PC. He still the the concept of lenity or fairness would arguably still be the same that that that but here, though, and I don't, I know we're running out of time generally but I'm concerned that without a final order in this motion to reconsider the sentence, he could not have appealed. He did appeal because there was a final order. We then remanded it was vacated the motion and said, do it again. And doing that seems to me, puts that back in the trial courts situation. And the trial court just can't sit on it and say I've already done this I'm not going to do it anymore the trial court has to address our mandate, and in addressing our mandate. Isn't that case. I'll again alive. Excuse me, I would agree that if this court were to adopt the reasoning in gray, that a remand for a new motion to reconsider would be the same, arguably, as the original motion to reconsider. We do not agree that the case law suggests that that motion to reconsider, which if it's denied or the court determines that there's no validity to it reinvigorates or allows the defendant to elect a more beneficial statute. A more beneficial sentencing statute at that point in time. And again, the scenario is to some extent and again if we were to cut out the PC under this, you know, the hypothetical you just suggested, we still go back to my concern. Can a defendant intentionally delay, if they think that there is a statute pending and and draw drag out a motion to reconsider can they file. If, if the statute changed after the motion to reconsider can defend it then file a motion to reconsider the motion to reconsider how drawn out can the process be. I think that's why case law says that the, the ability. The, the, the judgment the conviction is final at the day of sentencing not the day of the denial of the motion to reconsider. It's a separate issue. When the decision is final if defendant had not filed a motion to reconsider. He could have obviously appealed. Well, I'm sorry couldn't appeal because of right because this is a guilty plea. Yes, but but again, that that doesn't change the impact of when a conviction becomes final. Well, I don't know our position under the present circumstances of redistricting if a defendant would have to try to delay because there are certain issues going on that could cause it to happen. And again, yes I mean I completely understand that that that there are various scenarios that might creep up the question is, can a defendant elect us, you know, a statute that that and again, it didn't become it didn't wasn't changed on the original motion, does the benefit of, you know, it's even more ironic and again I will very briefly. It's even more ironic in this case where both the judge and trial counsel swore, which obviously doesn't have legal impact but swore that a 604 D certificate had been filed. So, so therefore but for that that alleged flaw or problem with the clerk's office defendant wouldn't even have this opportunity, because this court remanded solely based on that. I think that is, you know, even though doesn't have direct legal impact. It shows why the statute and statute says substantive changes have to be, you know, given cannot be changed after the, in this case we take the conviction becomes final, not additional motions. Justice McLaren, I thankfully have nothing else. Justice Hudson What about you. Thank you. Thank you, Your Honors. Thank you. Miss panic you may proceed. I'm sure. So I just want to make a couple quick points. Even if this change in the sentencing law is substantive in nature. Section four is clear when it makes an exception for mitigating provisions that they are handled differently than substantive law changes that cannot be applied retroactively so as hunters seem to acknowledge like well we don't need to decide what this is. It doesn't matter. It's mitigating and therefore, you know, it applies to any judgment pronounced after the new law takes effect, and as I think. Justice Hutchinson. Well explained this case was not appealable until you know a ruling on emotion to reconsider was made and so there's different levels of finality at work. And so, you know, clearly there's reasons for distinguishing finality on, you know, you've exhausted all your collateral proceedings you've exhausted all your direct appeal proceedings like there, there are different reasons why lines might be drawn at subsequent stages, but here, the case was still pending in the circuit court, the trial judge did still have authority to modify the sentence. And so it makes absolute sense to apply the new law as practicable in this circumstance. So, we would ask for vacating and remanding for resentencing, or a reduction. Pardon me, any other questions. I have none. I have none. Neither do I thank you, we will take the case under advisement and render decision and have time. Marshall Maxwell you may close out the proceedings. Thank you, counsel. Thank you.